IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NIA GLENN-LOPEZ, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ENCOMPASS HEALTH METHODIST )<br>REHABILITATION HOPSITAL, LP d/b/a )<br>ENCOMPASS HEALTH )<br>REHABILITATION HOSPITAL OF )<br>MEMPHIS, )<br>)<br>    Defendants. ) | Case No. 2:23-cv-2155-JTF-tmp |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Encompass Health Methodist Rehabilitation Hospital, LP's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on April 19, 2023. (ECF No. 9.) Plaintiff Nia Glenn-Lopez filed a response in opposition on May 11, 2023, (ECF No. 12), and Defendant filed a reply on May 24, 2023, (ECF No. 13.) The Court ordered Defendant to file a supplemental submission regarding the citizenship of part of its corporate structure on May 31, 2023. (ECF No. 14.) That submission was filed on June 7, 2023. (ECF No. 15.) For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**.

I.     FACTUAL BACKGROUND

The facts of the underlying dispute are not relevant to the present case. In brief, Plaintiff Nia Glenn-Lopez alleges that the Defendant negligently provided in-patient psychiatric care and supervision, leading to injury. (ECF No. 1.) Glenn-Lopez filed suit on March 22, 2023, basing federal jurisdiction solely on the complete diversity of the parties. (*Id.* at 2.) Glenn-Lopez stated that she "is a citizen of Tennessee, and Defendant, upon information and belief, is a citizen of

1

Delaware and Alabama." (*Id.*) In support, she attached a Notice of Removal entered in a 2008 case in this district: *Conley v. HealthSouth/Methodist Rehabilitation Hospital Limited Partnership d/b/a HealthSouth Rehabilitation Hospital of Memphis*, Case 2:09-cv-02748-STA-tmp, ECF No. 1. (ECF No. 1-1.) In this Notice of Removal, the defendant, a predecessor name of current Defendant Encompass Health Methodist Rehabilitation Hospital, claimed to be a Delaware corporation with its principal place of business in Birmingham, Alabama. (*Id.* at 2.)

The Defendant filed the present Motion to Dismiss for Lack of Jurisdiction on April 19, 2023. In this motion, the Defendant asserted that complete diversity did not exist between all parties. Specifically, Defendant represented through an affidavit from its Legal Entity Systems Manager John E. Williams, Jr. that it was organized as a Tennessee Limited Partnership, "Encompass Health Methodist Rehabilitation Hospital LP." (ECF No. 9-1, 2.) Williams stated that this limited partnership consists of a general partner, Encompass Health Corporation (a Delaware corporation with its principal place of business in Alabama), and a limited partner, Methodist Healthcare-Memphis Hospitals (a Tennessee non-profit corporation). (*Id.* at 3.) After a response and reply, the Defendant submitted documentation demonstrating that Methodist Healthcare-Memphis Hospitals is indeed a registered Tennessee non-profit corporation. (ECF No. 15.)

## II.  LEGAL STANDARD

Defendant has moved to dismiss the present case under Federal Rule of Civil Procedure 12(b)(1). The Rule allows a party to move to dismiss on the basis that the Court does not have subject matter jurisdiction over the present case. There are two general methods for established federal subject matter jurisdiction: a federal question and diversity of parties. Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000" and the case features complete diversity of parties, meaning that no plaintiff or defendant are citizens of the same state.

28 U.S.C. § 1332(a). Glenn-Lopez asserted subject matter jurisdiction solely under diversity. "The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1)." *Thomas v. Santore*, No. 2:09-CV-254, 2010 WL 427651, at *1 (E.D. Tenn. Feb. 2, 2010) (citing *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996)). "If the complaint competently alleges any facts, which if true, would establish a ground for subject matter jurisdiction, the court must accept those facts, end its inquiry and deny the motion to dismiss." *Thomas v. United States*, No. 2:16-cv-2965-JTF-dkv, 2017 WL 5957770, at *2 (W.D. Tenn. Mar. 29, 2017) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).

### III.   LEGAL ANALYSIS

Defendant argues that Glenn-Lopez has failed to establish complete diversity in this case, since she is admittedly a Tennessee resident, and its limited partner is a Tennessee non-profit corporation. "For purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (quoting *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005)). Defendant has submitted documentation and affidavits demonstrating that its limited partner is indeed a Tennessee non-profit corporation. (*See* ECF No. 9-1; ECF No. 15.) Glenn-Lopez's complaint identifies her as a citizen of Tennessee. (ECF No. 1.) There is not complete diversity between the parties and this Court lacks subject matter jurisdiction over the present case.

Glenn-Lopez responds that it remains unclear "what about the limited partnership changed" between 2008 and 2023. (ECF No. 16, 2.) It is irrelevant to the Court, at this stage, what changed beyond the fact that now, the Defendant's limited partner has been shown to be a citizen of Tennessee where it once was not. Glenn-Lopez argues that Defendant "has provided no evidence

3

that Methodist Healthcare-Memphis Hospitals is one of its partners." The Court has no reason to doubt the veracity of the Defendant's Legal Entity Systems Managers' declaration, (ECF No. 9-1), and its corporate disclosure statement, (ECF No. 10), regarding the make-up of its partnership. The additional evidence was requested due to a prior representation of alternative citizenship on behalf of the larger entity, not regarding its make-up. Those concerns have been addressed. Accordingly, Glenn-Lopez's complaint must be dismissed.

## IV.   CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss is **GRANTED**. Glenn-Lopez's complaint is hereby **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 15th day of June, 2023.

*s/John T. Fowlkes, Jr.*
**JOHN THOMAS FOWLKES, JR.**
**UNITED STATES DISTRICT JUDGE**